of America. Oral argument not to exceed 15 minutes per side. Mr. Newman for the petitioner appellate. If you've asked for a rebuttal time, please tell me that when you come up so I'll know to call upon you again. Good morning, your honor. Yes, I've requested three minutes. Thank you. Please proceed. May it please the court. No one disputes that Mr. Hamilton's Sixth Amendment right to the effective assistance of counsel has been blatantly violated by his lawyer who failed to file an appeal even though Mr. Hamilton had expressly requested one. Is that undisputed that he requested his lawyer to file an appeal? I know that's his affidavit or his testimony, but is it undisputed or is there still an issue of fact? There's still an issue of fact. This is on a motion to dismiss or assuming the facts to be true and given that the government argues in any event that he's not entitled to any relief because in his plea agreement he waived his right to collaterally attack his conviction and sentence. But the government's argument is wrong for two reasons. First, the collateral review waiver doesn't clearly apply to his post-sentence and effective assistance claim for his lawyer's failure to appeal. And even if it did apply, stretching it to include his claim here would constitute a miscarriage of justice. Indeed, that is precisely what the Third Circuit held in United States v. Shedrick, a case that is materially indistinguishable from this one. There, the Third Circuit said specifically, and I quote here, enforcing a collateral attack waiver where constitutionally deficient lawyering prevented Shedrick from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice. Our circuit has not yet adopted the miscarriage of justice exception. Why do you think that is? Well, I can understand the court's reluctance to do so and this court normally enforces collateral review waivers and it should. But in extraordinary situations where the misconduct is particularly egregious, you know, a collateral review waiver shouldn't stand in the way of relief. And so the court has recognized some occasions, for instance, when a court imposes a sentence above the statutory maximum or when a court, you know, imposes a sentence based on unconstitutional considerations like race or something really extraordinary like that, the court will not necessarily enforce a collateral review waiver and it shouldn't do so here. It should follow the Third Circuit has sort of paved the way and I think that it would be prudent for the court to follow course. When you say paved the way, there is a second line of authority on miscarriage of justice. The Tenth Circuit has adopted a similar concept, but then they define it differently. And as I read the factors under the Fourth, Eighth, and Tenth Circuits who are using a concept of miscarriage of justice, you lose. I don't think we necessarily lose. If you follow the factor based. If you look at Hahn, that's the Tenth Circuit case that adopts miscarriage of justice, you don't meet any of those four factors. So here's the problem. If we go, if we do what the circuit has not yet done, which is to adopt miscarriage of justice, then we have to figure out what miscarriage of justice. So we have to decide, is it a broad standard, which you can understand we might be reluctant to do? Is it specific like the Tenth in which you lose? Is it sort of a middle ground like the Third in which you win? I don't think you have to embrace certainly a multi-factored test as the First Circuit did in Teeter. I think you can just analogize from the situations that this court has already recognized. But the reservation that I have about that, not in terms of how it necessarily applies to your case one way or the other, but when the Third Circuit declined to miscarriage of justice, what they've essentially done is to say, we'll know it when we see it. And there's no guidance then that's provided by us if we were to do that to any of the lower courts. So how would you advise us to proceed if we, even if we're inclined to do what you're asking? That might be true, and that might actually be the more prudent case, or a more prudent thing to do. I mean, I could imagine, so for instance, in Hart looking at Teeter for instance, and this broad-based multi-factor test that would sort of open a loophole to all sorts of, you know, miscarriage of justice claims, might be something that the court shouldn't do and wouldn't be prudent to do. But in an extraordinary case like this, and all we're asking for is a very limited situation, in the rare situation where a defendant has specifically gone out of his way to reserve his right to appeal, but waived his right to collateral review, and then his lawyer turns around and completely fails to file an appeal, then in an extraordinary situation... You're asking us to rule that under the facts of this case, that would be a miscarriage of justice, therefore not enforceable. Yes, and that's, I mean, this is, it's a basic contracts law principle of unconscionability. I mean, this is essentially what, I mean, this is unconscionable conduct on the part of the lawyer here. He abandoned his client and refused to, I mean, assume, you know, accepting the facts as true. Why isn't it easier, rather than just calling that a miscarriage of justice and defining it narrowly, to simply look at the language of the waiver and conclude, as you argued very briefly in the beginning and then you went on to miscarriage, that this was not contemplated by the parties? Well, I certainly think that that's a fair route to go, and the court certainly doesn't have to hold that the waiver is unenforceable. It could hold that the waiver simply doesn't apply here, and I think that would be a very reasonable interpretation of the waiver in this case. Which argument do you think is stronger? I think the argument that the waiver doesn't apply is actually the strongest, especially when you combine that with the fact that plea agreements are to be construed, you know, where they're ambiguous, and I think, I think at the very least that this waiver is ambiguous. Tell me again, what's ambiguous about the waiver? Because it's unclear whether the waiver encompasses all ineffective assistance claims or only those ineffective assistance claims that go to the merits of the conviction and sentence and would necessarily require the court to vacate the conviction or sentence altogether. Mr. Hamilton's not asking, you know, he's not certainly not challenging the merits of a sentence in this proceeding. You're right about that. How would, how would then defense counsel and U.S. attorneys ever draft waiver language to address that particular deficiency as you're stating? Well, I think Shedrick actually provides a pretty good example of one. There was no question in Shedrick that the, that the waiver actually applied. The waiver was a broad one. It applied, and I'll quote here, to all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to the prosecution. The government could have... The inclusion of the, or any other matter relating... Relating to, absolutely. There, there's a way, there are ways to draft plea agreement waivers to be absolutely certain of what it covers. And here, the way that it's structured, the waiver, you know, and I'll quote it just so we have it on the table. It says, you know, that the, it applies where a defendant contests or collaterally attacks his conviction and the resulting sentence pursuant to 22, 28 U.S.C. 2255 or otherwise, including but not limited to claims of ineffective assistance of counsel. I mean, I think it's a real... Including but not limited to, so it's, it's, it's all encompassing. Well, no, it's just, it's just clarifying. Well, first of all, the, that language, including but not limited to claims of ineffective assistance of counsel, wouldn't even necessarily need to be there. It's just clarifying that the claims attacking the conviction or sentence include ineffective assistance claims. But that's to say nothing about ineffective assistance claims that don't necessarily contest or collaterally attack the sentence or conviction itself. Mr. Hamilton is not, in this proceeding, attacking the merits of his sentence. Well, you're, he's, he's contesting his conviction, isn't he? Because he did, he was denied a right to appeal the conviction. And therefore, he's saying, my conviction cannot stand because my right to appeal was denied. He's not, I mean, he's, he's contesting his sentence only in the sense that it's procedurally required for the court to vacate and then reinstate his sentence so he has a fresh opportunity to appeal. But in this proceeding, in this 2255 habeas proceeding, he, he's not challenging the merits of his sentence at all. He's not asking this court to make any judgment about the merits of his sentence. But it is the challenge, though, isn't it? Well, the practical effect is to give him what... You're saying, okay, it is a challenge, but it really isn't. But, I mean, it's semantics, I think. I'm not necessarily sure that that, that that's true. I mean, it's a, to be sure, it does require vacature of the sentence in order for him to get his appeal back. But if he were really talking about the merits of the case, we wouldn't, you know, we would be talking about the merits of the case, you know, and about why he thinks that his sentence is wrong. But we're not talking about why a sentence is wrong. We're talking about why he is, you know, entitled to an opportunity to appeal his sentence. That is what he bargained for in his plea agreement. And, you know, his lawyer abandoned him and prevented him from, you know, getting the fruits of that, of that agreement. But I actually do think the strongest case is to say that the waiver simply doesn't apply here. And, you know, on that subject, it is somewhat ironic that the government itself has advocated for this interpretation before the United States Supreme Court. I mean, the Seventh Circuit in Nunez actually enforced a collateral review waiver in this very context. And then when the case went up to the Supreme Court, the government asked for a GVR telling the Supreme Court that the Seventh Circuit misconstrued the waiver. And, in fact, according to the government, in its brief, it said, Petitioner's waiver of his right to challenge his sentence for the manner in which it was determined in any collateral attack does not bar a challenge to his attorney's alleged post-sentence ineffective assistance in failing to file a notice of appeal upon request. And the government, in its response brief in this case, made no attempt whatsoever to distinguish that away. And, in fact, I just want to remind you, too, as well, of four other circuit courts that appear to have also concluded that a collateral review waiver along these lines don't apply either. Now, in some of those cases, they didn't even address it. But I think they didn't address it because it's obvious that the waiver didn't apply. And then in the Tenth Circuit, specifically, the court went out of its way to say, quote, the plain language of the waiver does not address the type of claim the petitioner has waived. So I actually think there's a lot of support that the waiver, as it's crafted here, simply doesn't apply. I'll reserve the balance of my time. Thank you. Thank you. Good morning. May it please the court, counsel. There is not an issue about ineffective assistance to counsel. It's still a disputed fact that there was no resolution on because of the stature of the case right now that it's still pending a motion to dismiss. But we don't have to get into whether there was ineffective assistance of counsel. It's only whether the waiver applies. The waiver does apply. And this court, as you've said, has not adopted a miscarriage of justice exception, nor should it in this case. This seems like a really strange case for you to be fighting because clearly it was envisioned that he reserved his right to have a direct appeal, right? Judge, I agree. Why don't you just allow it to be vacated and reinstated and see what happens? Then you can make your argument back then. I thought that would be your last question because when I first read this, that's what I was thinking. It just didn't seem fair or right that he made such a point of reserving his right to appeal, but then didn't get it. But once I started looking at it closer, and then of course I'm defending the United States position in the district court. Once we started looking at it closer, as a matter of policy, reasonable minds might differ on whether or not the waiver should have, the United States should have used its discretion to enforce the waiver. But as a matter of law, there's no error in it. Once we started looking at it, and like I said, looking at the law, there was no legal error in the sentence, no legal error in the waiver. There's nothing knowing or involuntary, unknowing or involuntary about the waiver. The scope of the waiver does cover, clearly, ineffective assistance of counsel. But wait a minute. You're just assuming your version of the intent of the parties in connection with the language in the waiver. I don't understand your question. Probably also assuming that the appeal is not going to be successful, but that's not the question that's before us. It's not the question, Judge, for whether or not there was ineffective assistance of counsel. That's true. But the merits of the appeal does factor in if you're going to talk about whether to have a miscarriage of justice exception. That's why we've argued that there was no success to it or there would be no success to it. I'm sorry, but I don't see how that factors in when you're making a judgment about the merits of the appeal. The real question here is whether or not he did ask the lawyer to file the appeal and the lawyer didn't do it. And you can't get to that without sending it back, vacating the motion to dismiss, and perhaps having a little hearing to determine whether that's true or not. There's no use speculating about it. Judge, there's no question that's the question. If the issue before you is whether there was ineffective assistance of counsel, that's not the issue right now. The issue is whether the waiver is enforceable. If whether he told his lawyer to appeal has nothing to do with it at this stage. Why would he have entered into an agreement that you carefully crossed out the language that would have waived his right to a direct appeal? Had he understood that by virtue of IAC and not filing the notice of appeal, he wouldn't get what he expressly reserved the right to do. He said in his brief and I think in his 2255 motion that the reason he did it was because he expected his lawyer was going to appeal. So the question just becomes whether post plea or post even sentencing ineffectiveness can invalidate a voluntary plea back at the time when he expected it. And there are cases that say that a proper plea colloquy will trump any errors that occur later, like if a lawyer is wrong in anticipating what the sentence is going to be or if the lawyer is wrong at something at sentencing. It's not going to go back and invalidate the waiver. It was knowing involuntary at the time he entered it. He voluntarily. What if what the lawyer does wrong is let the time go by and doesn't file an appeal, goes on vacation and doesn't file an appeal? Then that would be ineffective assistance of counsel, Your Honor. But we don't get to that point if there is a waiver of collateral attack. There's no forum for it. And again, I understand what you're all thinking that that just doesn't seem right. Until you look closer at this case. Well, sometimes people call what just doesn't seem right a miscarriage of justice. Sometimes they do. But then let's talk about whether it's a miscarriage of justice in this case. Mr. Hamilton was saved from an 851. He got a sentence of 120 months when the low end of the guidelines was 262. The United States did everything it was supposed to do as part of the bargain. The court made no error at sentencing him. It was a legal sentence then and now, even post-FSA. Waivers mean something. And we want to enforce those when they are, knowing involuntary, when they are within the scope, and when there is, even if... Well, I think the suggestion has been made that if that's how broadly you want the waiver interpreted and applied, that maybe broader language would be wise the next time you draft one of these agreements. Broader language or maybe more specific, Judge. But when we include the ineffective assistance of counsel as part of the waiver, that's not in every plea agreement waiver of appeal or collateral attack. That's a separate bargaining position that the United States takes, that they're going to waive ineffective assistance of counsel claims as well. Some districts you've probably seen will include that they will expressly reserve the opportunity to challenge ineffective assistance of counsel or prosecutory misconduct or something like that. And that's when we go back to all these cases. I'd like to...  You're talking about waiving something that pertains to what has already happened. Maybe you could look at this as if the appeal is a post-plea situation, that ineffective assistance can't be waived as to that because you don't know what's going to happen at that point, okay? You can waive, you can knowingly waive all the ineffective assistance of counsel that's up to now, but you have reserved the right to appeal, which is a post-plea event. And that waiver may not apply beyond the time that the plea is entered and judgment is put down. Judge, but not all waivers are only for things that have happened in the past. They are for prospective things. In plea agreements, people will waive challenges to their sentence. And that obviously hasn't happened at the time they plead guilty or it's just... Well, they may waive it, but in this case, he deliberately reserved the right just to an appeal. Right, but not to a collateral attack. In all these cases where you're all... Look, there's all the different circuits, the majority view, the minority view. I'll notice that the minority views are both after. The other ones, they all predate the finding that the cases aren't really considering, one, whether there was a waiver of collateral attack. When you're reviewing the cases, look for that fact, whether there was a waiver of collateral attack, not just a waiver of appeal. Was the waiver of collateral attack... Did it attack, include, or expressly exclude claims of ineffective assistance of counsel? And third, did the court address it? Lots of the cases, the court does not address the waiver of collateral attack at all. And it may seem like we're being hyper-technical. Until you start looking at the underlying circumstances here, we kind of cross over into the miscarriage of justice, which I will... I think Judge Griffin, you asked, why hasn't the court adopted it? I think from the cases I've read, it's mainly... It's implicitly acknowledged, but there's not been a finding of miscarriage of justice. So the case hasn't presented itself for the court to adopt it. Isn't this a textbook case of miscarriage of justice, though? One would think that when you first look at it. Kind of what I thought. All right. But until you start looking at the benefit that this defendant got, that the United States has lived up to its part of the bargain, that the court committed no error in sentencing, there was no error in the waiver, there's no question it was a knowing and voluntary waiver, that it's within the scope of the waiver because of the ineffective assistance of counsel. The list goes on and on how there's no miscarriage of justice. Once you start getting under all those other layers of just the initial reaction of, wait a minute, he reserved his right to appeal. But he then waived a forum to be able to complain if that didn't happen. If we were to disagree with you and did adopt a miscarriage of justice exception, what standard should we employ? I addressed in the brief the Shedrick and Teeter factors. I think that those courts went through certainly the gravity of the error, the character of the error, the impact on the defendant of enforcing the waiver, the impact on the government. I think certainly some factors would be important, not just to know it when we see it, as was discussed earlier. We need more guidance than that. And applying those factors here, the gravity of the error, certainly there's an important constitutional right to effective assistance of counsel. There's not a constitutional right to a right to appeal. That's a statutory right. The effect on the defendant, he would get the appeal, but then we go on back to the merits of the appeal. Certainly that can't just be completely discounted. One, as you know, with all the Booker, and I mean the Blewett and Dorsey and Fair Sentencing Act cases, but then also, I don't think I even mentioned it in the brief, 18 U.S.C. 3742 C.1 limits appeal when there's been an agreed upon sentence, which again I'll talk about with the miscarriage of justice. Remember 120 months was what Adrian Hamilton asked for. That was a binding plea agreement.  So factoring in all of that, there's just not a miscarriage of justice here. Even applying those factors is the United States' position. But I would urge that this isn't the case to adopt that. But certainly if there is such an adoption, factors would be of help. I guess that's all I have, unless you all have any further questions. I would just urge the court, as I said, to look at this as a matter of reasonable minds, may differ on the policy of the United States enforcing it, but whether there was a legal error to reverse the district court on is a completely different question, and I don't believe there was. Thank you. I think you could characterize Ms. Wheatley's argument, at least in part, in saying where is there a miscarriage here if there really is nothing to the appeal. So do we look through this question to then see the reason why this gentleman wants a notice of appeal filed, or don't we? Well, it's interesting that the government doesn't want you to actually look at the merits of his 2255 claim, but then it wants you to actually go a step further and consider the merits of the relief that he's seeking here. If the court's really interested in the merits of his appeal... How could it be a miscarriage of justice if he didn't get to file a notice of appeal if there is nothing that he has to appeal? Well, because procedure matters, Your Honor, and that's precisely what the court has... What, you're just disregarding the thousands of cases on harmless error when you say procedure matters? Well, procedure matters in the sense that, I mean, this basic idea is encapsulated in the way that the Supreme Court has treated IAC claims. Why would we create a miscarriage of justice that doesn't exist in this circuit if there was no miscarriage of justice here, in the sense that even had he filed his notice of appeal, you can't point to what he would have gained by virtue of having had a direct appeal? I think that's a perfectly fair point, but I would say there are many different ways of looking at miscarriage of justice. What's the answer? What is he seeking to pursue in his direct appeal? Were we to do everything you want us to do? Well, first of all, I don't want to say that he doesn't have, you know, some arguments at his disposal that he could make on direct appeal. I mean, the government... Don't concede he doesn't. Just tell us what he does have. What is his argument that he wants to assert on the drug? Well, the argument that he'd want to assert on direct appeal is that in his unique case where his sentence wasn't final and would have been pending when the FSA took effect, and if the court grants relief, it will in fact be, you know, the FSA will have been in effect when his appeal goes up, that the FSA should apply to him. And there might be opportunities... You've already foreclosed that argument, have we? You certainly have, to the best of my knowledge, in an unpublished decision. But he should still have an opportunity to take the issue to the inmate court and then to the Supreme Court, if necessary. I mean, his lawyer's, you know, misconduct here has, you know, deprived him of any sort of procedure or process at all in this respect. But I just want to point out one more thing, going back to your, you know, initial question, Your Honor, and that is that there's a broader way of characterizing miscarriage of justice, and that is he bargained for this. He pled guilty, you know, on the expectation that he would have an opportunity to appeal, even if that opportunity appeal doesn't amount to much. And it probably didn't amount to a whole lot when, you know, when he initially asked for this right in his plea agreement. I mean, he was a C plea, for goodness sakes. But, you know, he deserves an opportunity to have his day in court with the full benefit of briefing and the full benefit of counsel. And the court should be very wary of adopting a rule that would require petitioners to... ...appeal at issues for the first time without the assistance of counsel in a habeas petition. All right. Thank you, counsel. I note that you are appointed under the Civil Justice Act. You've done an excellent job on behalf of your client. And thank you for your service to Mr. Hamilton and to the court. Thank you. I appreciate it, Your Honor. Take care.